DEWEY and SMITH *v.* GRAY, WHIPPLY & CO.

A former opinion of this Court in this case, decided, that the entry of a landlord upon his tenant's premises without his consent during the lease, and re-letting them, was a discharge of the tenant from his covenants, *except as to such part of the rent as had accrued at the time of re-entry, which the landlord is entitled to recover.* Held, that the above *exception* is in abrogation of one of the plainest principles of law; and if the case were new the Court would overrule it.

But the previous decision of this Court in the same case is conclusive of the rights of the parties, and is not the subject of revision.

THIS was an appeal from the Sixth Judicial District.

The complaint sets forth that the plaintiffs on the 21st February, 1850, leased to the defendants for the term of one year the lower floor of the Sutter Hotel, in Sacramento city, at the yearly rent of $36,000, payable monthly, in sums of $3000 each, which defendants covenanted to pay, &c., in which they failed, and are indebted to the plaintiffs $6,531.83, which they refuse to pay, &c.; and plaintiffs ask judgment for the said sum with interest, &c.

The defendants answer, and admit the lease of the premises, but aver that previous to the institution of this suit, that plaintiff's in consideration of $1500 paid them by Andrew J. Butler, released the defendants from all causes of action that had accrued or should accrue on the said lease. And further, the defendants aver that about the 25th April, 1850, the plaintiffs re-entered upon the premises and determined the tenancy then existing, &c., and that defendants are not indebted, &c.

February 27th. A jury was sworn, and the evidence of the parties submitted. The defendant's counsel then asked the Court to instruct the jury as follows:—

1st. That a release of one of several joint debtors is a release of the whole. And that if the jury believe from the evidence, that the plaintiff Dewey, in consideration of money paid by the defendant Butler, released the said Butler from his liabilities in the lease, all the defendants are thereby released, and the jury will find for defendant.

2d. If the jury believe from the evidence that Dewey, in con-

sideration of a sum of money paid him by Butler, promised to execute to him a written release of all his liabilities to plaintiffs, they will find for defendants.

3d.  If the jury believe that the plaintiffs, after the lease to defendants, leased the same property to other persons, such subsequent leasing was a release from all rent accruing after the date of such second lease.

4th.  If the jury believe that the plaintiffs about the 27th April, 1850, entered upon the premises without the consent of defendants, and leased the same to Butler and Scott, said entry and lease discharged the defendants from their covenants in the lease, and they must find for defendants.

5th.  That the eviction of a tenant during his term, without process of law, discharges the contract obligation of the tenant to pay rent; and if the jury believe from the evidence that the defendants were evicted by the plaintiffs during the term, without process of law, then the jury must find for defenants.

6th.  If the plaintiffs rented the premises to Butler and Scott, in fact, in April, 1850, the fact that the lease was a parol lease makes it no less a discharge and surrender of the lease sued on.

The Court refused to give the 1st, 2d, 4th and 5th instructions asked, and gave the 3d and 6th instructions—and to the refusal of the Court the defendant excepted.   The Court then of its own motion gave instructions as modifications of defendants' 4th and 5th, as follows:—

Modification of No. 4.   If the jury believe from the evidence, that the plaintiff on or about the 27th of April, 1850, entered upon the premises in question, and without the consent of defendants, leased the same premises to Butler and Scott, such entry and lease discharged the defendants from the covenants in the lease, and they must find for defendants, *except as to such rent as may have accrued at the time of such entry.*

Modification of instruction 5th.

That the eviction of *the lessees named in the lease,* during the term of the said lease, without process of law, discharges the contract obligation of the *said lessees* to pay rent; and if the jury believe from the evidence. that the defendants were evicted by the plaintiffs during the term, without process or judgment of

law, then the jury must find for defendants, *except as to such rent as may have accrued prior to such eviction; as to such rent, (i. e.) the rent which accrued prior to such eviction, they will find for the plaintiffs.*

To which modifications defendants excepted.

The verdict was for the plaintiff for $6,416, with interest and costs, and judgment, &c.

The defendants moved for a new trial, which the Court refused, and defendants appealed.

No brief of the appellant is found on file.

*Thomas* and *Morse*, for respondent.

This cause was remanded to the lower Court, and a new trial ordered thereon, " as to the question of re-entry and termination of the tenancy set up in the answer of the defendants, the plaintiffs to have a judgment for the amount of the rents due to such re-entry and termination; but if the answer be not sustained, then that the plaintiffs should recover the full amount found by the verdict of the jury." R. P. 292.

The cause was tried by a jury, and verdict and judgment (as stated above;) and the case again comes up in the appeal of the defendants.

The counsel then went into an examination of the evidence, as to the fact of entry upon the hired premises by the plaintiff, and insisted that the jury were right in their conclusion, that there was no sufficient evidence of such entry, and in finding for the plaintiff the whole rent claimed. And as to the exceptions taken to the ruling of the Court below, on refusing the 2nd, 3d, and 5th instructions asked by the defendants, it was insisted that the former decision of this case by this Court, was decisive, as between the same parties; and as the instructions excepted to, were in accordance with the decision of this Court, the exception could not be sustained, even if the opinion of this Court were erroneous. There is but one mode of correcting error in this Court, and that is by application for a rehearing. When its decision is made, and it has gone to the lower Court, it is beyond recall, and has become the property of the party in whose favour it was made. Washington Bridge Company *v.* Stewart, 3 Howard's U. S. Rep. 413.

HEYDENFELDT, Justice.

When this case was here before, the Court decided that if a landlord entered upon his tenant's premises without his consent, before the expiration of the lease, and re-let the premises to another, such entry and re-letting discharged the tenant from his covenant, except as to such part of the rent as had accrued at the time of the re-entry, which the landlord was entitled to recover.

The latter portion of that decision is in abrogation of one of the plainest principles of law; and if this case was a new one, I would not hesitate to overrule it. But legal rules deprive us of the power to do so. The decision having been made in this case, it has become the law of the case, and is not now the subject of revision.

This question was very fully argued and considered by the Supreme Court of the United States, in the case of the Washington Bridge Co. v. Stewart, et al., 3 Howard, 413; and although in that case the question raised on the record, was the important one of jurisdiction, it was notwithstanding held that the previous decision of the Court in the same case, was conclusive of the rights of the parties, and not revisable.

But even if the point relied on was the subject of adjudication at this time, it would be insufficient to procure a reversal of the judgment in the present case. The verdict of the jury being for the whole amount of the sum claimed by the plaintiff, was a conclusive finding against the fact alleged of re-entry and re-letting. The charge, therefore, however erroneous it may have been, worked no injury to the defendants.

The next question is, whether the Court erred in refusing a new trial. It is insisted on behalf of the appellants, that the evidence proved clearly that there was a re-entry and a re-letting, and collection of rents by the plaintiffs. There was but one witness on this point; and upon sifting his evidence closely, we are of opinion that there was no re-entry or re-letting, although the witness may have entertained that opinion. One of the parties to whom it is alleged there was a re-letting, was one of the original lessees; he was in possession at the time of the pretended re-letting, and seems to have continued in undisturbed possession of the premises. All of the language attributed by the witness

to the plaintiffs, shows clearly, that it was not his design to re-enter or re-let the premises, or to release his rights against the original lessees. The money paid him by the witness was receipted for on account of rent, and as the witness was taken into joint occupation by Butler, one of the original lessees, it was no business of the plaintiff to object to the source from whence the payments came. His account, as stated, shows that he credited the lessees for payments; and unless other payments were proved, it is a fair and necessary presumption that the credits were for the payments made by the witness and Butler.

This disposes of all the questions of any consideration raised by the defence; and the judgment is consequently affirmed with costs.