Clark FELLER,

v.

SCOTT COUNTY CIVIL SERVICE COMMISSION, Jean McGreevy, Rudolph Dahl, and Roy Porter, Defendants–Appellees.

No. 87–368.

Court of Appeals of Iowa.

Nov. 29, 1988.

Philip B. Mears of Mears, Zimmerman & Mears, Iowa City, for plaintiff-appellant.

John J. Carlin and Jack E. Dusthimer of Carlin, Hellstrom & Bittner, Davenport, for defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Plaintiff appeals the district court rulings which denied his statutory and constitutional claims. Plaintiff claims that the district court erred in 1) finding there had been no violation of the Open Meetings Law when the Civil Service Commission denied his request for a closed hearing; and 2) finding that the defendants did not violate his constitutional rights. We reverse.

Plaintiff Clark Feller was employed by the Scott County Sheriff's Department as a deputy sheriff. On July 23, 1985, the Department told Feller that he was under investigation concerning 1) private sexual misconduct and 2) his associations with a person with a criminal record. He was told that he could either resign, take a polygraph examination, or be terminated. Feller chose to resign. He then sought a hearing before the Scott County Civil Service Commission to review his discharge because he felt he had been coerced into resigning. The Commission declined to exercise jurisdiction because Feller had resigned. In a certiorari proceeding the district court found that the Commission's action was arbitrary and capricious because there was no factual basis to determine that the resignation was not a constructive termination. The court ordered the Commission to hold a hearing concerning the circumstances of Feller's resignation.

Feller made a written and oral request for a closed hearing in order to avoid needless and irreparable injury to his reputation. The Commission denied the request and also refused to grant Feller a continuance so he could take an interlocutory appeal. Feller then withdrew his request for a hearing before the Commission.

Feller commenced the present action with a petition in the district court claiming that he had been denied his constitutional rights to a hearing and to privacy and that the Commission had acted arbitrarily in denying him a closed hearing. He asked that the Commission's actions be set aside and that they be ordered to give him a closed hearing. On January 15, 1987, the court granted defendant's motion for sum-

mary judgment with respect to the statutory claim (Count I).[1]

On February 11, 1987, the court ruled that Feller's constitutional rights (Count II) had not been violated. The court also noted that the relief prayed for under Count II, brought pursuant to 42 U.S.C. § 1983, was not an available remedy.

## I.

The issue we must first decide is whether the district court improperly granted defendant's motion for summary judgment. In so deciding, we note that this matter is not an appeal of the Civil Service Commission's decision, but rather a direct law action against the Commission and its members. Iowa Code § 21.6 (1985). Our review in this matter is for the correction of errors at law. Iowa R.App.P. 4. As such, the findings of fact by the trial court are binding upon us if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1).

Iowa Code chapter 21 contains the provisions of Iowa's Open Meetings Law. Section 21.1 declares the express legislative intent that the basis and rationale of governmental decisions, as well as those decisions themselves, are to be easily accessible to the people. Section 21.3 states that all governmental meetings are to be conducted in open session, subject however to the exceptions delineated in section 21.5 which provides, in relevant part:

Subsection 1. ... A governmental body may hold a closed session only to the extent a closed session is necessary for any of the following reasons:

a) to review or discuss records which are required or authorized by State or Federal law to be kept confidential as a condition of that governmental body's possession or continued receipt of Federal funds.

\* \* \* \* \* \*

i) to evaluate the professional competency of an individual whose appointment, hiring, performance, or discharge is being considered when necessary to prevent needless and irreparable injury to that individual's reputation and that individual requests a closed hearing.

\* \* \* \* \* \*

Subsection 5. Nothing in this section requires a governmental body to hold a closed session to discuss or act on any matter.

In granting defendant's motion for summary judgment on Count I of Feller's petition, the district court stated:

Once a party seeking judicial enforcement of the open meetings law demonstrates to the Court that the body in question is subject to the requirements of the open meetings law and has held a closed session, the burden of going forward shall be on the body and its members to demonstrate compliance with the requirements of this chapter. Section 21.6(2).

The undisputed facts in this case show that the Commission is subject to the requirements of the Open Meetings Law and held an open session. The Commission voted not to go into closed session, as requested by Feller. *The Court Concludes that the Open Meetings Law affords Feller no remedy for refusing to go into closed session. Judgment, therefore, should be entered for Defendants and against Plaintiff as a matter of law.* (Emphasis added.)

We disagree with the trial court's application of the law in this matter. In its reasoning, the court apparently assumed that there is no available remedy for a violation of section 21.5 of the open meetings law and that the provisions of section 21.6 (enforcement) are only applicable to situations where closed meetings are held in violation of the open meetings provisions. The court therefore was precluded from considering whether the Commission was in fact in error in denying Feller's request for a closed hearing. We do not

---

**1.** The action is in two counts. Count I alleges a cause of action in violation of the Open Meetings Law, section 21.6 of the Iowa Code. Count II is a civil rights action brought in state court under 42 U.S.C. § 1983.

adhere to such a narrow reading of section 21.6.

We agree that section 21.6(2), which the court cites is inapplicable to the facts of this case, however, the legislature chose not to limit the remedies to the fact situation of 21.6(2), as evidenced by the language of section 21.6(3). That section, which provides a list of specific remedies, contains the following language:

3. Upon a finding by a preponderance of the evidence that a governmental body has violated *any provision* of this chapter, a court (shall) . . . (emphasis added).

We believe that if the enforcement provisions of this chapter are to have any meaning at all, they must be applied evenhandedly to all violations of chapter 21, including violations of the closed meeting provisions.

We hold that a remedy was available to Feller upon his statutory claim, and that the trial court was obligated under law to consider whether the Commission in fact violated section 21.5. We accordingly reverse the court's grant of summary judgment.

## II.

As presented in section I, Iowa Code section 21.5 indicates that the Commission "may" close a public session upon a proper showing. The use of the word "may" in the statute confers a power and places discretion within the one who holds the power. Iowa Code § 4.1(36)(c). Discretion is abused when it is exercised on clearly untenable grounds or to a clearly unreasonable extent. *Ashmead v. Harris*, 336 N.W. 2d 197, 199 (Iowa 1983).

Feller requested that the Commission hold a closed hearing based upon his assertion that he would suffer irreparable harm to his reputation. The nature of the allegations against Feller, which ultimately led to his resignation, concerned private sexual misconduct as well as associations with a known felon. A videotape recording of the resignation interview was made by the Scott County Sheriff's Department and the principal evidence to be considered at the May 1986 hearing would have been the videotape. In its defense, the Commission argued that the sheriff's department would suffer the irreparable injury, due to the fact that Feller's claim is based upon the allegation that the department coerced him into resigning, and it is the reputation, dignity, and integrity of the sheriff's department that is really on trial. The Commission further argued that the meeting should remain open in order to provide a "public vindication" of these allegations.

■■ Upon our review of the transcripts of the hearings held before the Scott County Civil Service Commission, we believe the Commission abused its discretion in denying Feller's request for a closed hearing. Balancing the relative interests involved, we think it clear that the exposure of the allegations against Feller to the public would cause needless and irreparable injury to Feller's reputation within the community, particularly in light of the fact that there is no evidence that such allegations had anything to do with his job performance. If the closed meeting provision in the open meetings law means anything, it is for the protection of the employee and not for the protection of the commission. We believe that to deny a closed meeting in a case where such needless damage would be done to the employee is an arbitrary and capricious exercise of discretion.

The court's grant of summary judgment is reversed and we remand this case for further proceedings consistent with this opinion and Iowa Code section 21.6.

REVERSED AND REMANDED.