Clark FELLER, Appellant,

v.

SCOTT COUNTY CIVIL SERVICE
COMMISSION, Appellee.

No. 90–1203.

Supreme Court of Iowa.

March 18, 1992.

Philip B. Mears of the Mears Law Office,
Iowa City, for appellant.

Thomas C. Fritzsche, Asst. Scott County
Atty., for appellee.

Considered by HARRIS, P.J., and
LARSON, LAVORATO, NEUMAN, and
ANDREASEN, JJ.

LAVORATO, Justice.

For almost seven years, Clark Feller has
been struggling to obtain a closed hearing
before the Scott county civil service com-
mission on his claim of constructive dis-
charge from his employment as a deputy
sheriff. We hold that in a prior appeal by
Feller, our Iowa court of appeals decided
three things. First, an aggrieved party
has a remedy under Iowa's open meetings
law when a governmental body refuses
that party's request for a closed meeting.
Second, in this case the commission abused
its discretion when it denied Feller's re-
quest for a closed hearing. Last, Feller's
remedy on remand was a closed hearing
before the commission. *See Feller v. Scott
County Civil Serv. Comm'n,* 435 N.W.2d
387, 389–90 (Iowa App.1988) (*Feller I*). We
further hold that all three decisions became
the law of the case. As such, they were

binding on remand and in any subsequent appeal.

However, on remand the district court interpreted the court of appeals' decision differently. The district court refused to order a closed hearing, determined that the commission had not abused its discretion, and denied Feller any relief. We reverse and remand with directions to (1) order a closed hearing before the commission and (2) following a hearing on attorney fees and costs to award Feller such attorney fees and costs as he is entitled to under the open meetings law.

## I. *Factual Background.*

Clark Feller was a Scott county deputy sheriff. On July 23, 1985, an internal affairs investigator from the sheriff's department confronted Feller about two alleged activities: (1) sexual misconduct while off duty, and (2) associating with a person who had a criminal record. The investigator gave Feller three choices: (1) resign, (2) take a polygraph examination, or (3) be discharged. Feller chose to resign. The whole interview was videotaped.

On August 2, 1985, Feller requested a hearing before the Scott county civil service commission to review the matter. Feller alleged that he was coerced into resigning and that the coercion in effect turned the resignation into a constructive discharge. A deputy sheriff with civil service status cannot, of course, be discharged except for cause and then only upon a written accusation of the county sheriff, which must be served on the deputy. *See* Iowa Code § 341A.12 (1985). A deputy so discharged has a right of appeal to the civil service commission which must hold a hearing on the matter and must either affirm, modify, or revoke the order of discharge. *See id.*

The commission declined to exercise jurisdiction on the ground that Feller had submitted his resignation.

Feller then appealed to the district court which treated his appeal as a certiorari proceeding. The court granted certiorari, finding that the commission's action was arbitrary and capricious. The court ordered the commission to give Feller a hearing on the circumstances surrounding his resignation.

The hearing was set for May 28, 1986. Before that date, Feller—through his lawyer—made a written and oral request for a closed hearing. In the written request the lawyer wrote:

> On behalf of Mr. Feller, we are hereby requesting a closed hearing annexed with the civil service proceeding this coming Wednesday, May 28. We make this request in accordance with [Iowa Code] section 21.5(1)(i) [closed hearing permitted when governmental body is "evaluat[ing] the professional competency of an individual whose ... discharge is being considered when necessary to prevent needless and irreparable injury to that individual's reputation and that individual requests a closed session."]. Given the nature of the evidence that will need to be considered by the commission, needless and irreparable injury to Mr. Feller's reputation will occur unless the [commission] considers Mr. Feller's case in closed session.

At the hearing, the commission, at the request of Feller's lawyer, went into closed session to consider Feller's request for a closed hearing. In the closed session, Feller's lawyer reiterated that a closed hearing was necessary to prevent needless and irreparable injury to Feller's reputation.

In support of this allegation, the lawyer asked the commission to view the videotaped interview with Feller that took place on July 23, 1985. In that interview the allegations of sexual misconduct were discussed in detail. In addition, the name of the individual with the alleged criminal record was mentioned several times.

Feller's lawyer made it clear to the commission that the videotape constituted Feller's whole case on the issue of whether Feller was coerced into resigning. Yet the tape also contained intimate details about the alleged sexual misconduct which, if made public, would be damaging to Feller's reputation. Because of this dilemma, the lawyer wanted the commission to view the tape in private and make its decision on the

coercion issue. In short, the lawyer was trying to avoid needless public disclosure of the allegations, while at the same time providing the commission with sufficient evidence to determine the coercion issue.

The lawyer also argued that information about a person's criminal record is made confidential by statute. Making this information public—the lawyer urged—would not only be a violation of the law but would also cause needless irreparable injury to the reputation of the person with whom Feller was allegedly associating.

The commission then went into executive session to decide whether to close the hearing. The three commission members and their lawyer were the only ones present. The lawyer cautioned the three that they "start out with the presumption of openness," that "it's only the exception that a matter is gone into in closed session," and that "the law favors openness of public hearings." Finally, the lawyer advised the three that they had to decide whether Feller had made a sufficient showing of irreparable injury. At this point the commission discussed a similar case they had heard in which a public hearing was held, and as one commissioner described it, "that was smeared all over the newspaper." After further discussion, the three commissioners were in agreement that there was an insufficient showing of irreparable injury if the hearing were not closed.

The commissioners then went back into open session and denied Feller's request for a closed hearing. Feller's lawyer then asked for a continuance so that he could seek a writ of certiorari in district court to review the commission's refusal to close the hearing.

The commission went back into executive session to consider this latest request. Again, only the commissioners and their lawyer were present. The lawyer explained that the decision whether to grant the continuance—like the decision to close or open the hearing—was discretionary. The commissioners were in agreement that the request for a continuance should be denied. The commissioners then denied the request for a continuance in open session.

Feller's lawyer then offered to submit an edited transcript of the interview on the coercion issue. This would have allowed the commission to consider this issue without disclosing publicly the name of the individual with the alleged criminal record. The commission also denied this request.

Finally, Feller's lawyer asked the commission to articulate its reasons for denying the request for a closed hearing and the request for a continuance. The commission responded this way: (1) the commission did not have to give reasons; (2) the matter was within the commission's discretion; (3) the commission did not think Feller's request had enough validity to it; and (4) Feller's lawyer did not go far enough in showing what irreparable harm Feller would suffer if the hearing were not closed.

## II. *Procedural Background.*

Feller then withdrew his application for a closed hearing and filed a two-count petition in district court. Count I alleged that the commission had violated the Iowa open meetings law under Iowa Code chapter 21 by refusing to close Feller's civil service hearing. Count II alleged that this action by the commission also violated Feller's civil rights under 42 U.S.C. § 1983 (1982). Both counts requested similar relief: (1) vacating the commission's decision refusing to close the hearing, (2) costs and reasonable attorney fees, and (3) such other relief as "is just and equitable."

The district court granted the commission summary judgment on count I, concluding that Feller had failed to state a claim upon which relief could be granted. Count II was dismissed after a hearing on the merits.

Feller appealed from *both* adverse decisions. *See Feller I*, 435 N.W.2d at 388. The court of appeals reversed the summary judgment ruling on the open meetings claim (count I). The court remanded the case to the district court for proceedings consistent with its reversal of the summary judgment ruling.

The commission sought further review. *See* Iowa R.App. P. 402. We denied the application.

On remand, Feller filed a "motion for judgment and/or summary judgment." In this motion Feller alleged the court of appeals had found that the commission "had behaved in an arbitrary and capricious fashion and that Feller was entitled to relief under the open meeting statute." Feller asked the court to order the commission to hold a closed hearing and award him attorney fees.

The district court, Judge James E. Kelley, denied the motion, finding there were material factual controversies as to whether the commission had abused its discretion. So the court concluded that the commission was entitled to a trial on this issue. If Feller prevailed, the court reasoned that the only relief available was a civil penalty and costs, including reasonable attorney fees under Iowa Code section 21.6(3).

Following a bench trial, Judge Edward B. de Silva, Jr. found that the commission's decision not to close the hearing was based on "reason and explanation and was well within the discretion granted [the commission under Iowa Code chapter 21]."

Feller then instituted this appeal. In it he contests the propriety of the actions of the district court on remand in light of the court of appeals decision in *Feller I.*

III. *Whether the Earlier Court of Appeals' Decision is the "Law of the Case" in the Instant Proceedings.*

■ In *Feller I,* the court of appeals began its opinion by noting that Feller appealed from a district court ruling denying his statutory and constitutional claims. The court then characterized Feller's claims this way:

> Plaintiff claims that the district court erred in (1) finding there had been no violation of the open meetings law when the civil service commission denied his request for a closed hearing; and (2) finding that the defendants did not violate his constitutional rights.

*Feller I,* 435 N.W.2d at 388.

In section I of its opinion, the court of appeals addressed the issue of whether the district court improperly granted the commission's motion for summary judgment on Feller's claim that the open meetings law had been violated. The opinion took issue with the district court's legal conclusion that the "open meetings law affords Feller no remedy for refusing to go into closed session." *Id.* at 389.

The court of appeals concluded that the open meetings law did indeed afford Feller such a remedy. It reached that conclusion by holding that the enforcement provisions of Iowa Code section 21.6 applied to the provisions of Iowa Code section 21.5(1). *Id.* at 389–90. The court of appeals did not specify what that remedy was but merely said this:

> We hold that a remedy was available to Feller upon his statutory claim, and that the trial court was obligated under law to consider whether the commission in fact violated section 21.5. We accordingly reverse the court's grant of summary judgment.

*Id.* at 390.

We think that holding meant this: the district court should have determined whether the commission abused its discretion in refusing to apply the exception in section 21.5(1)(i). If the district court determined the commission did abuse its discretion, the court should have voided the commission's decision denying a closed hearing and should have ordered the commission to hold such a hearing.

We reach this conclusion from the following language in Iowa Code section 21.5(1)(i) and 21.6(3), both of which the court of appeals cited and relied on. *Feller I,* 435 N.W.2d at 389–90. Iowa Code section 21.5(1)(i) provides:

> **21.5 Closed session.**
>
> 1. A governmental body may hold a closed session only to the extent a closed session is necessary for any of the following reasons:
>
> . . . .
>
> i. To evaluate the professional competency of an individual whose appointment, hiring, performance or discharge is being considered when necessary to pre-

vent needless and irreparable injury to that individual's reputation and that individual requests a closed session.

. . . .

Feller, of course, relied on this exception before the commission and in the district court.

Iowa Code section 21.6 contains the enforcement provisions for the open meetings law. The part the court of appeals relied on is in subsection 3, which pertinently provides:

3. Upon a finding by a preponderance of the evidence that a governmental body has violated *any provision of this chapter,* a court:

. . . .

b. Shall order the payment of all costs and reasonable attorney fees to any party successfully establishing a violation of this chapter....

c. *Shall void any action taken in violation of this chapter,* if ... the court finds under the facts of the particular case that the public interest in the enforcement of the policy of this chapter outweighs the public interest in sustaining the validity of the action taken in the closed session.

(Emphasis added.)

We doubt whether the open meetings law provides a remedy when a governmental body refuses to close a hearing. Perhaps, as the commission suggests, the only way to test the propriety of a governmental body's refusal to close a meeting is through certiorari proceedings. For these reasons we probably should have granted the commission's application for further review on this issue in the prior appeal. We mention this for cautionary purposes in future cases.

■ However, on this question of law involving statutory interpretation, the court of appeals decision became the law of the case. As such, this decision was binding on remand and in any subsequent appeal. *See Wolfe v. Graether,* 389 N.W.2d 643, 651 (Iowa 1986) (when Iowa court of appeals has determined issue of law necessary to decision of a prior appeal and this determination is not vacated by the Iowa

supreme court, the decision of the Iowa court of appeals is controlling as to issue for purpose of further proceedings in district court and subsequent appeals notwithstanding fact that subsequent appeal may be considered by Iowa supreme court). This is so even though the court of appeals may have been incorrect in its interpretation of the open meetings law. *See Lawson v. Fordyce,* 237 Iowa 28, 33–37, 21 N.W.2d 69, 74–76 (1945). These principles announced in *Wolfe* and *Lawson* are part of the "law of the case" doctrine.

In *Feller I,* the court of appeals did not end its decision when it reversed the district court's grant of summary judgment. In section II of the opinion the court went on to say this:

As presented in section I, Iowa Code section 21.5 indicates that the commission "may" close a public session upon a proper showing. The use of the word "may" in the statute confers a power and places discretion within the one who holds the power. Discretion is abused when it is exercised on clearly untenable grounds or to a clearly unreasonable extent.

. . . .

Upon our review of the transcripts of the hearings held before the Scott county civil service commission, we believe the commission abused its discretion in denying Feller's request for a closed hearing. Balancing the relative interests involved, we think it clear that the exposure of the allegations against Feller to the public would cause needless and irreparable injury to Feller's reputation within the community, particularly in light of the fact that there is no evidence that such allegations had anything to do with his job performance. If the closed meeting provision in the open meetings law means anything, it is for the protection of the employee and not for the protection of the commission. We believe that to deny a closed meeting in a case where such needless damage would be done to the employee is an arbitrary and capricious exercise of discretion.

The court's grant of summary judgment is reversed and we remand this case for further proceedings consistent with this opinion and Iowa Code section 21.6.

*Feller I*, 435 N.W.2d at 390 (citations omitted).

It is this language that lies at the heart of the present controversy. Feller argues that, by this language, the court of appeals decided the abuse of discretion issue and this decision was binding on remand. According to Feller, all the district court needed to do on remand was to order a closed hearing and determine what attorney fees and costs Feller was entitled to.

 In contrast, the commission argues that the law of the case doctrine did not make this language binding on remand because the language was nothing but dictum. According to the commission, the language was not necessary to decide the only issue before the court of appeals on count I: whether the district court erred in granting summary judgment. Under the commission's reasoning, the district court on remand properly ignored this language when it permitted a trial on the abuse of discretion issue.

We have recognized that

[t]he general understanding of the doctrine of the law of the case is that it applies only to so much of an opinion by an appellate court in a former decision in the same case as was essential to the determination required of the court.

*Wolfe*, 389 N.W.2d at 651 (citations omitted); *accord* 5 Am.Jur.2d *Appeal and Error* § 753, at 196–97 (1962). In short, the doctrine does not apply to dictum. *Id.* at 197. But, for reasons that follow, we do not view the abuse of discretion language in *Feller I* as dictum.

There were two issues before the court of appeals in *Feller I*: the statutory claim issue in count I and the constitutional issue in count II. Both counts sought reversal of the commission's decision refusing to close the hearing. Both counts also depended on a showing that the commission abused its discretion in refusing to close the hearing because Feller would suffer needless and irreparable injury in an open hearing. Count I was decided adversely to Feller on summary judgment.

But count II was tried on the merits. In that trial Feller relied on the transcripts of the hearings before the commission to establish his claim of abuse of discretion. The commission likewise relied on these transcripts to show *no* abuse of discretion. In addition, the commission relied on an affidavit of one of the commissioners. The district court decided the abuse of discretion issue against Feller.

On appeal in *Feller I*, Feller argued that the commission failed to exercise its discretion in this case in good faith. Feller asked that the court send the matter back to the agency with directions to hold a closed meeting.

The abuse of discretion issue was squarely before the court of appeals. The court had all the record it needed to determine the issue. We think the court of appeals intended to—and did—reach the merits on the abuse of discretion issue. Otherwise, it would not have ignored the constitutional issue in count II. It did not address count II because the court was awarding Feller all the relief he was asking for under both counts. To that extent the court of appeals language on the abuse of discretion issue was necessary to its decision.

In any event, we think the court of appeals *had* to address the issue of abuse of discretion. Otherwise, there could have been an issue preclusion problem on remand regarding count I. *See Bascom v. Joseph Schlitz Brewing Co.*, 395 N.W.2d 879, 881 (Iowa 1986) (according to doctrine of issue preclusion, when parties have litigated a particular issue in a prior proceeding, they are barred from further litigating that issue in a subsequent proceeding).

As we said, the district court sustained the commission's motion for summary judgment on count I solely for the reason that the open meetings law afforded Feller no remedy. In doing so, the district court did not reach the abuse of discretion issue.

On count II the district court overruled the motion for summary judgment, con-

cluding there was a material fact question on the abuse of discretion issue. In the trial on count II, the district court found that the commission had not abused its discretion.

If the court of appeals had not addressed the abuse of discretion issue, on remand the commission could have argued that Feller was barred from contesting this issue under count I because it had been decided against him on appeal under count II. We think the court of appeals realized this too and decided it had to address the abuse of discretion issue either under count I or under count II. The court did not reach the merits in count II, so for this additional reason we think its language on the abuse of discretion issue was necessary to its decision.

The commission's application for further review in *Feller I* shows that it too believed the court of appeals had decided the abuse of discretion issue on the merits. In its application the commission said this:

> The Iowa appellate court held that [the commission and its members] had violated section 21.5(1)(i) and *abused their discretion by failing to close the hearing on the civil service appeal,* and reversed and remanded.
>
> . . . .
>
> Moreover, *the appellate court held that [the] mere statement of applicant that his reputation may be damaged was a sufficient showing, and the failure to honor such request constitutes an abuse of discretion.* [The commission and its members] have problems with such concept, especially since no authority has been cited in support of such ruling and the dictates of the legislature would appear to be contrary.

(Emphasis added.)

### IV. *Disposition.*

■ *Feller I* held that the commission abused its discretion when it denied Feller a closed hearing and that under Iowa's open meeting law Feller's remedy was a closed hearing. Right or wrong, this holding became the law of the case. The hold-

ing was binding on remand and in any subsequent appeal.

Accordingly, we reverse the actions of the district court and remand to the district court for an order directing the commission to give Feller a closed hearing as he requested. In addition, the district court shall, following a hearing, determine what attorney fees and costs Feller should have.

REVERSED AND REMANDED WITH DIRECTIONS.