CHRISTINA L. MCKINSTRY, SPECIAL ADMINISTRATOR OF THE
ESTATE OF EUGENE MCKINSTRY, DECEASED, APPELLEE, V.
COUNTY OF CASS, NEBRASKA, ACTING AS CASS COUNTY HIGHWAY
DEPARTMENT, APPELLANT, AND STATE OF NEBRASKA ET AL.,
APPELLEES.

488 N.W.2d 552

Filed September 11, 1992.    No. S-89-1158.

John R. Douglas, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Michael G. Connery and L. Steven Grasz, of Kutak Rock & Campbell, for appellee McKinstry.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is a wrongful death action filed by plaintiff-appellee, Christina L. McKinstry, special administrator of the estate of Eugene McKinstry, deceased, who died when a dirt wall of a trench in which he was working collapsed. The action named as defendants WeWeldit & Repair, Inc., the deceased's employer; Husker Steel Corporation, the general contractor; and Cass County. The original trial resulted in a judgment entered by the trial court in favor of plaintiff in the amount of $244,521.88 against WeWeldit; a judgment in favor of defendant-appellant, Cass County; and a judgment in favor of Husker Steel. The judgment against WeWeldit was later set aside because of WeWeldit's immunity under the Nebraska Workers' Compensation Act.

No appeal was taken by plaintiff on the judgment in favor of WeWeldit. Plaintiff appealed the judgment in favor of Husker Steel and Cass County. In *McKinstry v. County of Cass*, 228 Neb. 733, 424 N.W.2d 322 (1988) (*McKinstry I*), we affirmed the judgment in favor of Husker Steel and reversed the judgment in favor of the county. We held that

> the county had a nondelegable duty to use due care to protect persons against injury from the hazards or risks which inhered in the particular excavation, trenching, and earthwork undertaken by the county. . . . Consequently, we find that the district court's conclusion, exonerating the county from liability for its negligence demonstrated by the record, is clearly erroneous.

228 Neb. at 744-45, 424 N.W.2d at 329-30.

The opinion in *McKinstry I* concluded: "Because we have reversed the judgment pertaining to the county, these proceedings are remanded to the district court for a new trial on McKinstry's claim against the county." 228 Neb. at 747, 424 N.W.2d at 331.

After remand, plaintiff filed a motion for summary judgment on the question of liability. On January 31, 1989, the trial court found that "the plaintiff is entitled to partial summary judgment determining that there was negligence on the part of the County of Cass" and granted plaintiff's motion for partial summary judgment.

On March 9, 1989, plaintiff filed a "Motion For Order Nunc Pro Tunc." This motion stated in part that the summary judgment order should be corrected:

> 3. To correct the record which has been made so that it will speak the truth and will truly express the action taken, but which through inadvertence or mistake was not truly recorded, this Court should add nunc pro tunc the following sentence to the end of its Order of January 27, 1989:

> The retrial of this matter will be limited to the issue of damages only.

On March 10, 1989, the trial court filed an order granting the motion and ordering that "the matter set forth above ['[t]he retrial of this matter will be limited to the issue of damages

only'] be added nunc pro tunc, as of January 27, 1989, to the end of the Order of this Court dated January 27, 1989."

There is a great deal of difference between an order determining the existence of a party's negligence and one determining that a new trial should be held on the issue of damages only.

We hold that the trial court erred in granting plaintiff's motion for partial summary judgment and in amending that judgment nunc pro tunc in the fashion it did.

This reviewing court determined that "[n]egligence, then, permeated the excavatory work," *McKinstry I*, 228 Neb. at 744, 424 N.W.2d at 329, and that Cass County was negligent in violation of its nondelegable duty. We determined no more.

A general rule of an appellate court is that a reversal and remand for a new trial is considered a general remand and contemplates a new trial on all of the issues. *Diesel Service, Inc. v. Accessory Sales, Inc.*, 210 Neb. 797, 317 N.W.2d 719 (1982) (Clinton, J., dissenting); *Master Laboratories, Inc. v. Chesnut*, 157 Neb. 317, 59 N.W.2d 571 (1953). There was no consideration of proximate cause, possible intervening cause, possible contributory or comparative negligence, assumption of risk, or even of whether those concepts apply to this case. There was no determination by the fact finder on any of those issues.

We also note that it is the law of this state that all matters which expressly or by necessary implication are adjudicated by an appellate court become the law of the case on remand for new trial and will not be considered again unless it is shown that the facts presented at the second trial are materially and substantially different from the facts presented at the first trial. *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988).

It was error for the trial court to hold a second trial on the issue of damages only. This cause is remanded for a new trial as to all issues between plaintiff and Cass County. On such retrial, however, the finder of fact is to take into consideration the negligence on the part of Cass County and the factors affecting the county's liability, if any.

REVERSED AND REMANDED FOR A NEW TRIAL.