MAGGIE G. PENDLETON, APPELLEE, V. LLOYD J. PENDLETON, APPELLANT.

525 N.W.2d 22

Filed December 23, 1994.   No. S-93-648.

Chris M. Arps, of Arps & Schirber Law Offices, for appellant.

Carll J. Kretsinger, P.C., of Kretsinger & Walsh, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired, and HOWARD, D.J., Retired.

HASTINGS, C.J.

Lloyd J. Pendleton appeals the order of the district court sustaining the demurrer of Maggie G. Pendleton and dismissing Lloyd's petition to modify an alimony order. That alimony order had been entered pursuant to our mandate in *Pendleton v. Pendleton*, 242 Neb. 675, 496 N.W.2d 499 (1993) (*Pendleton I*). The district court sustained the demurrer under the law-of-the-case doctrine.

We entrust the modification of an alimony award to the discretion of the trial court and review the trial court's decision de novo on the record for abuse of discretion. *Kleager v. Kleager*, 242 Neb. 24, 492 N.W.2d 873 (1992). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from

action, but the selected option results in an untenable decision unfairly depriving a litigant of a substantial right or a just result. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994).

Lloyd Pendleton assigns as error that the district court (1) failed to recognize and implement 10 U.S.C. § 1408(c)(1) (Supp. II 1990) of the Uniformed Services Former Spouses' Protection Act as amended and (2) abused its discretion by sustaining the demurrer without considering "all proper and reasonable reference of 'law and fact or leave to amend.' "

In 1982, Congress passed the Uniformed Services Former Spouses' Protection Act. At that time, 10 U.S.C. § 1408(c)(1) (1982) stated:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

In 1990, Congress amended the statute by adding a second sentence. The second sentence states:

> A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C. § 1408(c)(1) (Supp. II 1990). Thus, the amendment applied to the previous appeal if the legal separation, entered in 1975, was a final decree which included a court-ordered, ratified, or approved property settlement and did not treat or reserve jurisdiction to treat Lloyd's pension as property of Maggie.

We consider whether the 1975 legal separation decree

reserved jurisdiction to treat the military pension as property of both Lloyd and Maggie. We have long held that the trial court has inherent power to retain jurisdiction to determine amounts due and to enforce judgments for alimony. *Laschanzky v. Laschanzky*, 246 Neb. 705, 523 N.W.2d 29 (1994); *Roach v. Roach*, 192 Neb. 268, 220 N.W.2d 27 (1974); *Miller v. Miller*, 160 Neb. 766, 71 N.W.2d 478 (1955). In *Pendleton I*, we held, based on Neb. Rev. Stat. §§ 42-347 and 42-366 (Reissue 1974), that a legal separation, silent as to alimony, does not preclude the order of alimony in a dissolution decree. As a result, the trial court, more than 14 years after the legal separation, could award alimony in the legal dissolution of the marriage. This court, however, entered the order because remanding to the trial court for factual findings would "result in no final, appealable order." *Id.* at 683, 496 N.W.2d at 504. Clearly, the trial court retained jurisdiction to award alimony when the legal separation was silent as to alimony. Therefore, it would seem, the 1990 amendment to 10 U.S.C. § 1408(c)(1) did not apply to the Pendletons' case and would have been ineffectual if addressed in the previous appeal. However, we do not rest our decision on that ground.

Following our decision in *Pendleton I*, Lloyd did not file a motion for rehearing in this court, but did file a petition to modify in the district court on May 26, 1993. The petition alleged that the 1990 amendment was a material and significant change in circumstances requiring a modification to the decree and moved for an order terminating the allocation of his military pension dating back to October 1990.

Maggie demurred on the ground that the petition failed to state a cause of action under the law-of-the-case doctrine. The district court sustained the demurrer and dismissed the petition to modify, holding that the defect in the petition to modify cannot be cured by an amendment. The trial court noted that Lloyd did not bring the amended statute to the Supreme Court's attention.

Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all

matters ruled upon, either expressly or by necessary implication. *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994). As a result, matters previously addressed in an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts. *McKinstry v. County of Cass*, 241 Neb. 444, 488 N.W.2d 552 (1992).

The facts presented do not represent a material change since the last time we considered this litigation. The amendment to 10 U.S.C. § 1408(c)(1) existed at the time of the previous appeal, but Lloyd did not bring it to our attention. Nevertheless, Lloyd's appeal concerns the unusual situation where we based our holding on a federal statute, unaware of a possibly relevant amendment to that statute. Thus, Lloyd argues that the district court should have disregarded the law-of-the-case doctrine because, in the previous appeal, we did not apply current federal law.

An erroneous interpretation of the law does not necessarily void the law-of-the-case doctrine. See, *North Cambria Fuel Co. v. Dep't of Envtl. Resources*, 153 Pa. Commw. 489, 621 A.2d 1155 (1993) (under the law-of-the-case doctrine, a court will not reverse itself even if convinced the previous ruling was erroneous); *Feller v. Scott County Civil Serv. Comm'n*, 482 N.W.2d 154 (Iowa 1992) (law-of-the-case doctrine requires appellate decision to control even when incorrectly interpreting statute); *Union Oil Co. v. Reconstruction Oil Co.*, 58 Cal. App. 2d 30, 135 P.2d 621 (1943) (law-of-the-case doctrine precludes appellate court from reconsidering former appeal even if the former decision is erroneous).

As a result, the district court correctly applied the law-of-the-case doctrine in sustaining the demurrer, and we need go no further than that point in deciding this case today.

Lloyd also argues that the district court abused its discretion by sustaining the demurrer without granting him leave to amend. Upon sustaining a demurrer to a petition, a court must grant a plaintiff leave to amend the petition unless no reasonable possibility exists that repleading will correct the defective petition. *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994).

However, Lloyd cannot possibly cure the defect to his

petition. His petition asks the district court to disregard this court's order modifying the Pendletons' marital dissolution decree. The law-of-the-case doctrine prevents Lloyd from asking the trial court to reconsider a matter conclusively settled by the appellate court.

The judgment of the district court is affirmed.

AFFIRMED.