EDWARD CUMMINGS, APPELLANT, V. OMAHA PUBLIC SCHOOLS AND
ITT HARTFORD INSURANCE CO., ITS WORKERS' COMPENSATION
INSURANCE CARRIER, APPELLEES.

558 N.W.2d 601

Filed January 28, 1997.   No. A-96-493.

James E. Harris and Britany S. Shotkoski, of Harris, Feldman
Law Offices, for appellant.

Joseph W. Grant and Lisa M. Meyer, of Gaines, Mullen,
Pansing & Hogan, for appellees.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS,
Judges.

IRWIN, Judge.

## I. INTRODUCTION

Edward Cummings appeals from an order of the Workers'
Compensation Court review panel (panel) which affirmed an
order of a trial judge of the Workers' Compensation Court
(court). The court awarded Cummings compensation for a 5-
percent disability resulting from a series of work-related acci-
dents in 1992 and 1993 which exacerbated Cummings' back
injury from a prior, compensated, work-related accident in
1984. The court further denied Cummings' claim for psycho-
logical injuries resulting from the 1992 and 1993 accidents.
Cummings appealed to the panel, alleging that the court was
clearly wrong in relying on particular medical evidence in
assessing his disability; that his disability should not have been
apportioned between the prior, compensated injury and the new

injuries; and that the court was clearly wrong in denying compensation for the alleged psychological injuries. The panel affirmed the judgment. For the reasons stated herein, we reverse, and remand.

## II. BACKGROUND

Cummings is, and was at all times relevant to these proceedings, employed by Omaha Public Schools. In August 1984, Cummings injured his back in a work-related accident. As a result of that accident, Cummings received a lump-sum settlement award based upon a 25-percent disability to his body as a whole. Subsequent to the settlement, Cummings returned to work at a salary equal to or greater than his salary prior to the accident.

On June 1, 1992, Cummings was injured at work when ceiling tiles fell onto him, causing injury to his back and exacerbating his prior back condition. On November 10, Cummings suffered another injury at work when a chair rolled out from under him, causing additional injury to his back and additional exacerbation of his back condition. On March 1, 1993, Cummings fell on ice in the parking lot at work, causing additional injury to his back and additional exacerbation of his back condition. On April 30, Cummings was involved in an altercation at work between a student and a security guard, causing additional injury to his back and additional exacerbation of his back condition. Finally, on November 23, Cummings suffered a back spasm at work which caused him to fall to his knees, additionally exacerbating his back condition.

On June 13, 1994, Cummings filed a petition in the Workers' Compensation Court, seeking compensation for the series of accidents. Cummings alleged temporary total disability, emotional and psychological injuries, and loss of earning capacity. On June 27, Omaha Public Schools and its workers' compensation insurance carrier filed an answer.

On October 17, 1994, a hearing was held before the court. At trial, the parties stipulated that Cummings was injured in a series of work-related accidents, that there was no controversy regarding payment of temporary total disability benefits, and that the only issues remaining at trial concerned Cummings'

loss of earning capacity. At trial, Cummings offered evidence, including a medical report and a vocational rehabilitation report concerning his injuries and loss of earning capacity. Omaha Public Schools and its insurer objected to the admissibility of the two reports, arguing that they had not been timely disclosed and that the medical report was not properly characterized as a rebuttal report. The court sustained the objections to the two exhibits.

The court received other evidence and heard testimony from Cummings and two employees of Omaha Public Schools. Included in the admitted evidence was a medical report from Dr. Lonnie Mercier, who examined Cummings in August 1993. Mercier's examination occurred prior to the back spasm incident in November 1993. The evidence also indicated that an MRI was performed on Cummings sometime after the November 1993 incident, and the MRI was not considered in Mercier's report or conclusions.

On November 8, 1994, the court entered an award in favor of Cummings. The court found that the series of injuries occurred in the course and during the scope of Cummings' employment with Omaha Public Schools and that Cummings was entitled to workers' compensation benefits. The court awarded 10 weeks of temporary total disability benefits. The court further determined that Cummings had suffered a 5-percent loss of earning capacity from the series of injuries and the exacerbation of his prior back condition. The court specifically noted that the determination concerning Cummings' loss of earning capacity was based heavily on Mercier's report. Additionally, the court found that Cummings failed to satisfy his burden of proof regarding the alleged psychological injuries and denied compensation for them. Finally, the court declined to award vocational rehabilitation benefits.

On November 14, 1994, Cummings filed an application for review of the court's award by the panel. Cummings assigned as error the court's reliance on Mercier's report rather than the objective MRI results; the court's acceptance of particular vocational rehabilitation opinions; the court's refusal to accept the two proffered reports into evidence; the court's apportionment of Cummings' disability between his prior, compensated injury

and the new series of injuries; the court's denial of any compensation for alleged psychological injuries; and the court's specific finding that Cummings could obtain the same or a similar salary from a different employer if his employment with Omaha Public Schools was for some reason ended.

On March 21, 1995, the panel affirmed the court's award in all respects except concerning the court's ruling on the admissibility of the two reports offered by Cummings. The panel ruled that the exhibits should not have been excluded on the basis upon which the court excluded them, and the panel remanded the case on the limited issue of loss of earning capacity.

On May 5, 1995, the court entered an order on remand. The court noted that the exhibits had been received and that all of the evidence had been reconsidered. The court once again concluded that Cummings' loss of earning capacity from the series of accidents was 5 percent.

On May 19, 1995, Cummings filed another application for review of the court's opinion. Cummings assigned the same six errors as in his first application for review, except with regard to the previous assignment concerning the admissibility of the exhibits. In the place of that assigned error, Cummings assigned that the court's ruling was contrary to the evidence.

On April 24, 1996, the panel entered an order. The panel held that the assignments of error which had been previously rejected on the first review were not reviewable a second time, because of the law-of-the-case doctrine. With regard to the new assignment of error, the panel affirmed the court's findings. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Cummings has assigned six errors. As one of his assignments of error, Cummings asserts that the panel erred in failing to reconsider all of his assigned errors during the panel's review of the case after remand. Because our discussion of this assignment of error disposes of the case, we need not address Cummings' other assignments. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## IV. ANALYSIS

In Cummings' first application for review to the panel, he assigned as error (1) the court's reliance on Mercier's report rather than the objective MRI results; (2) the court's acceptance of and reliance on a particular vocational rehabilitation report; (3) the court's refusal to accept the two proffered reports into evidence; (4) the court's apportionment of Cummings' disability between his prior, compensated injury and the new series of injuries; (5) the court's denial of any compensation for alleged psychological injures; and (6) the court's specific ruling regarding Cummings' ability to obtain the same or a similar salary from a different employer. With regard to assignments Nos. 1, 4, 5, and 6, the panel affirmed the court's order. The panel considered assignments Nos. 2 and 3 together and held that the court erred in excluding the proffered reports. The panel remanded the case for a determination whether the reports could be proper rebuttal evidence to rebut the "accepted" vocational rehabilitation report and the weight to be given to the proffered reports. The panel's order specifically held that the court's order was "affirmed except with respect to [the] findings concerning the extent of [Cummings'] permanent loss of earning power, for which this matter is remanded for further consideration."

On remand, the court received the proffered reports into evidence. Upon consideration of all of the evidence concerning Cummings' loss of earning capacity, the court reached the same conclusion as in the original award, that Cummings suffered from a 5-percent loss of earning capacity. From this order on remand, Cummings again applied for review by the panel.

In Cummings' second application for review, he assigned the same six errors as in his first application, except with regard to the previous assignment concerning the admissibility of the two exhibits. In the place of that assigned error, Cummings asserted that the court's ruling was contrary to the evidence. The panel refused to consider any of the five assigned errors which had been raised in Cummings' first application for review, holding that those assignments were not reviewable a second time because of the law-of-the-case doctrine.

Under the law-of-the-case doctrine, the holdings of an appellate tribunal on questions presented for review become the law of the case, and the holdings of the appellate tribunal conclusively settle, for purposes of that litigation, all matters which are ruled upon, either expressly or by necessary implication. *Pendleton v. Pendleton*, 247 Neb. 66, 525 N.W.2d 22 (1994); *McKinstry v. County of Cass*, 241 Neb. 444, 488 N.W.2d 552 (1992); *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988); *Waite v. Carpenter*, 3 Neb. App. 879, 533 N.W.2d 917 (1995). As a result, matters previously addressed in an appellate court are not reconsidered after a remand unless the facts presented on remand are materially and substantially different from the facts presented during the first trial. *Pendleton v. Pendleton, supra*; *McKinstry v. County of Cass, supra*; *Tank v. Peterson, supra*.

In the present case, the panel remanded the case to the court for further consideration of the extent of Cummings' permanent loss of earning capacity. On remand, the court received two exhibits previously excluded, reviewed the other exhibits, and held that "considering the evidence as a whole" Cummings suffered a 5-percent loss of earning capacity. The panel's order of remand that the court reconsider the loss of earning capacity issue necessarily required the court to reconsider the weight to be given to Mercier's report, the "accepted" vocational rehabilitation report, and the newly received evidence. Additionally, any reconsideration of loss of earning capacity required the court to reconsider what portion of Cummings' disability was attributable to the present series of accidents, rather than the prior, compensated injury. The court's order after remand makes it apparent that the court did reconsider all of these matters.

Because the panel's order of remand resulted in the court's reconsideration of Mercier's report, the "accepted" vocational rehabilitation report, and the apportionment issue in light of the newly admitted reports, it is apparent that the facts on remand were materially and substantially different from the facts presented during the first trial with respect to those three issues. As a result, the law-of-the-case doctrine does not apply to prevent reconsideration of those three issues on the panel's second

review. See, *Pendleton v. Pendleton, supra*; *McKinstry v. County of Cass, supra*; *Tank v. Peterson, supra*. The admission of the new evidence concerning Cummings' loss of earning capacity could have impacted the conclusions to be drawn from Mercier's report and the "accepted" vocational rehabilitation report and could have impacted the result of the court's apportionment. As such, the panel erred in failing to reconsider those three issues in light of the new evidence after remand. The case is therefore remanded for further proceedings.

## V. CONCLUSION

Because we conclude that the panel erred in refusing to reconsider Cummings' assigned errors concerning Mercier's report, the "accepted" vocational rehabilitation report, and apportionment after remand, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.