990 F.2d 513
 16 Employee Benefits Cas. 2032
 KYLE RAILWAYS, INC., Plaintiff-Appellant,
v.
PACIFIC ADMINISTRATION SERVICES, INC.; Adjustco, Inc.,
Successor in Interest to Pacific Administration Services,
Inc.; Guarantee Mutual Life Company; National Benefit
Resources Group Services, Inc., Defendants-Appellees.
 No. 91-16391.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided April 9, 1993.
 
 Bradley A. Silva, Lang, Richert & Patch, Fresno, CA, for plaintiff-appellant.
 Richard E. McGreevy, Leach, McGreevy & Eliassen, San Francisco, CA, for defendant-appellee Pacific Admin. Services.
 Glenn E. Westreich, Rosenblum, Parish & Isaacs, San Francisco, CA, for defendant-appellee Guarantee Mut. Life Co.
 David J. Garthe and Bruce Winkleman, Boornazian, Jensen & Garthe, Oakland, CA, for defendant-appellee National Ben. Resources Group.
 Appeal from the United States District Court for the Northern District of California.
 Before FARRIS, POOLE, and WIGGINS, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 Kyle Railway, Inc. ("Kyle") sued Pacific Administration Services, and its successor in interest Adjustco, Inc., ("Pacific"); Guarantee Mutual Life Company ("Guarantee"); and National Benefit Resources Group Services, Inc. ("National") for damages arising out of a denial of benefits by Guarantee on an aggregate excess loss insurance policy. The district court dismissed all of Kyle's claims against each defendant. Kyle appeals. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Kyle provided its employees with a self-insured Comprehensive Health Plan ("the Plan"). Kyle contracted with Pacific to act as a third-party administrator for the Plan. Kyle also purchased an aggregate excess loss insurance policy from Guarantee to protect itself from catastrophic losses. Under the policy, Guarantee was to reimburse Kyle for claims paid by Kyle under the Plan that exceeded the excess loss insurance policy deductible.
 
 
 3
 On Kyle's behalf, Pacific submitted a claim to National, Guarantee's agent, for reimbursement of claims paid by Kyle that were in excess of the policy's deductible. National conducted an audit of the payments that Pacific had made under the Plan and concluded that Pacific had incorrectly paid claims by: (1) paying claims not covered under the Plan; (2) double paying some claims submitted to the Plan; and (3) failing to pay some claims on a timely basis as required by the Plan and the excess loss insurance policy. National denied Kyle's claim because these improperly paid claims could not be used to determine whether Kyle had met the policy deductible.
 
 
 4
 Kyle sued in district court. Kyle's Second Amended Complaint alleged that Pacific, Guarantee, and National violated their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") and that Pacific and Guarantee were unjustly enriched as a result of nonfiduciary misconduct. Pacific sued Guarantee and National for indemnification. The district court granted Pacific's motion to dismiss each of Kyle's claims against it. The district court also relieved Guarantee and National of any liability by granting partial summary judgment regarding Kyle's fiduciary duty claims and dismissing Kyle's nonfiduciary misconduct claims. Pacific's suit for indemnification was dismissed as moot.
 
 DISCUSSION
 I. KYLE'S CLAIMS AGAINST PACIFIC
 
 5
 We review de novo the district court's dismissal of Kyle's fiduciary and nonfiduciary misconduct claims against Pacific. See Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992). Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 6
 A. The District Court did not Err in Concluding that Pacific was not Liable as a Fiduciary to Kyle Under ERISA.
 
 
 7
 Kyle asserts that the district court's definition of an ERISA fiduciary was far too narrow and should have included Pacific. However, ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries. Gibson v. Prudential Ins. Co. of America, 915 F.2d 414, 417 (9th Cir.1990); Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir.1985) (per curiam). ERISA defines a fiduciary as anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan.[1]
 
 
 8
 Kyle asserted before the district court, and continues to assert on appeal, two bases for its argument that Pacific was an ERISA fiduciary. First, Kyle claims that the Administrative Services Agreement ("Agreement") between Kyle and Pacific gives Pacific sufficient discretion over the Plan to make Pacific a fiduciary. Second, Kyle claims that regardless of the Agreement, Pacific actually exercised discretion and control over Plan assets. We reject both arguments.
 
 
 9
 The Agreement does not make Pacific a fiduciary over the Plan. The paragraphs of the Agreement upon which Kyle relies do not indicate that Pacific assumed any discretionary functions. On the contrary, these paragraphs detail functions that are merely ministerial. See 29 C.F.R. § 2509.75-8(D-2) (listing several "purely ministerial functions," the performance of which do not make an entity an ERISA fiduciary). Moreover, the Agreement expressly requires Pacific to refer all discretionary questions regarding the payment of claims to Kyle for final decision. The Agreement also clearly states that Kyle retains the full responsibility for all claims under the Plan.
 
 
 10
 Further, Pacific's actions in administrating the Plan do not make Pacific a fiduciary. Kyle claims that Pacific "exercised discretion not conferred by the Agreement" when it improperly and untimely paid claims. However, Pacific's alleged negligence in following the Plan does not change the fact that Pacific was still obligated to follow the Plan and that Kyle retained ultimate responsibility under p 6 of the Agreement for all claims made under the Plan. Moreover, third party administrators like Pacific are not fiduciaries under ERISA when they merely perform ministerial duties or process claims. See Gelardi, 761 F.2d at 1325 (citing 29 C.F.R. § 2509.75-8(d-2)); Gibson, 915 F.2d at 417. Accordingly, we affirm the district court's dismissal of Kyle's breach of fiduciary duty claims against Pacific.
 
 
 11
 B. The District Court did not Err in Concluding that Pacific was not Liable as a Nonfiduciary to Kyle Under ERISA.
 
 
 12
 Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), equitable relief for nonfiduciary liability is available only where a "party in interest" has participated in "prohibited transactions." Call v. Sumitomo Bank, 881 F.2d 626, 635 (9th Cir.1989); Nieto v. Ecker, 845 F.2d 868, 873-74 & n. 7 (9th Cir.1988). Even if we were to assume that Pacific was a "party in interest," there is no evidence that Pacific was engaged in a "prohibited transaction" under ERISA § 406(a)(1).[2] Therefore, the district court correctly concluded that ERISA § 502(a)(3) does not allow equitable relief for Kyle's nonfiduciary claims against Pacific. See Call, 881 F.2d at 635; Nieto, 845 F.2d at 874.
 
 
 13
 Moreover, even if we were to recognize equitable relief for nonfiduciary misconduct, Kyle's claim for unjust enrichment by Pacific would fail because Pacific was not unjustly enriched. See Mertens v. Hewitt Assoc., 948 F.2d 607, 612 (9th Cir.1991), cert. granted, --- U.S. ----, 113 S.Ct. 49, 121 L.Ed.2d 19 (1992). Nothing in Kyle's Second Amended Complaint alleged that Pacific received anything other than the compensation it contracted for under the Agreement. In fact, on appeal Kyle only claims that Pacific mismanaged the payment of claims, not that Pacific retained Plan proceeds for itself. Accordingly, we affirm the district court's dismissal of Kyle's nonfiduciary duty claims against Pacific.
 
 
 14
 II. KYLE'S CLAIMS AGAINST GUARANTEE AND NATIONAL
 
 
 15
 The district court granted partial summary judgment for Guarantee and National regarding Kyle's fiduciary misconduct claims. Kyle appeals only the grant of partial summary judgment in favor of Guarantee. In addition, the district court dismissed Kyle's nonfiduciary misconduct claims against Guarantee and National. We review de novo grants of partial summary judgment and motions to dismiss. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987); Oscar, 965 F.2d at 785.
 
 
 16
 A. The District Court did not Err by Determining that Guarantee was not Liable to Kyle as a Fiduciary Under ERISA.
 
 
 17
 Kyle asserts that Guarantee was in fact a fiduciary under ERISA because Guarantee "had discretionary authority to make final claims decision[s], and did in fact exercise control over Plan assets." Again, an ERISA fiduciary is anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan. 29 U.S.C. § 1002(21)(A). Kyle's bald conclusion that Guarantee is an ERISA fiduciary is unsupported by the law and the facts.
 
 
 18
 The majority of courts that have considered the status of benefit plan insurers have found insurance companies not to be ERISA fiduciaries unless they are given the discretion to manage plan assets or to determine claims made against the plan.[3] We agree, but we do not narrowly interpret the phrase "discretion ... to determine claims" to apply only to the initial decision to grant or deny benefits. Where the "plan provides the insurer with the discretionary responsibility of making final claims decisions, the insurer is a fiduciary under the Act." McLaughlin v. Connecticut Gen. Life Ins. Co., 565 F.Supp. 434, 442 n. 4 (N.D.Cal.1983). While the mere provision of contractual benefits does not make an insurance company a fiduciary under ERISA, see id., Austin v. General Am. Life Ins. Co., 498 F.Supp. 844, 846 (N.D.Ala.1980); 29 C.F.R. § 2560.503-1(g)(2), an insurer will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims.
 
 
 19
 Guarantee did not exercise sufficient discretion over claim payments or the Plan's assets to be considered an ERISA fiduciary. Guarantee, through National, audited the payments Pacific and Kyle made under the Plan for the sole purpose of determining whether the terms of the excess loss insurance policy had been met. Guarantee never processed, evaluated, or paid claims to participants of the Plan. Nor did it review denied claims. Instead, Guarantee's duties under the insurance policy were strictly limited to reimbursing Kyle for benefits in excess of the policy deductible, according to the terms of the insurance policy. Accordingly, we affirm the district court's grant of partial summary judgment in favor of Guarantee regarding Kyle's fiduciary misconduct claims against Guarantee.
 
 
 20
 B. The District Court did not Err by Concluding that Guarantee and National were not Liable to Kyle as Nonfiduciaries Under ERISA.
 
 
 21
 In order to withstand dismissal, Kyle had to allege that Guarantee and National were "parties in interest" and that they were engaged in a "prohibited transaction" under ERISA § 406(a). See § I.B., supra; Call, 881 F.2d at 635; Nieto, 845 F.2d at 874. Kyle's assertion that Guarantee and National were engaged in the prohibited transaction of improperly transferring assets from the Plan to a party in interest is incorrect. Section 406(a)(1)(D) prohibits a specific form of self dealing, not the mere denial of a claim under an excess loss insurance policy. See Amato v. Western Union Int'l, Inc., 596 F.Supp. 963, 968-69 (S.D.N.Y.1984) (finding no § 406 prohibited transaction where no funds were transferred from the plan), aff'd in part, rev'd in part, 773 F.2d 1402 (2d Cir.1985), cert. dismissed, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986). Accordingly, we affirm the district court's dismissal of Kyle's nonfiduciary duty claims against Guarantee and National.
 
 III. KYLE'S OTHER ARGUMENTS
 
 22
 A. The District Court did not Err by Denying Kyle Further Leave to Amend its Complaint Regarding the Fiduciary and Nonfiduciary Liability of the Defendants.
 
 
 23
 Kyle claims that it should have been given the opportunity to allege sufficient facts to state causes of action before the district court dismissed its claims. We review for an abuse of discretion the denial of leave to amend. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Such a denial, however, is "strictly" reviewed in light of the strong policy permitting amendment. Id. Here, the district court did not abuse its discretion because it looked beyond Kyle's complaint and assumed the facts that Kyle alleged in its memoranda and oral arguments in opposition to the motions to dismiss. Kyle's claims were invalid as a matter of law, and leave to amend would not have allowed Kyle to state valid claims.
 
 
 24
 B. ERISA's Preemption Provision, as Applied to Kyle, does not Deprive Kyle of its Property without Due Process, in Violation of the Fifth Amendment.
 
 
 25
 Kyle has failed to demonstrate that the application of ERISA's preemptive provision violates Kyle's constitutional due process rights. Kyle has a difficult burden. "[L]egislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality[;] ... the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." Pension Benefit Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 729, 104 S.Ct. 2709, 2717, 81 L.Ed.2d 601 (1984) (citations omitted).
 
 
 26
 The essence of Kyle's claim is that by preempting any state law causes of action Kyle might have against the defendants, while failing to provide federal causes of action, ERISA has left a gap in the law. However, such "a gap is legitimate if it is the result intended by Congress." Howard v. Parisian, Inc., 807 F.2d 1560, 1565 (11th Cir.1987). Kyle has failed to prove that Congress acted in an "arbitrary and irrational" manner in adopting ERISA. See Pension Benefit Guar. Corp., 467 U.S. at 729, 104 S.Ct. at 2717. Accordingly, we reject Kyle's due process challenge.
 
 CONCLUSION
 
 27
 The district court's dismissal of Kyle's claims against each of the defendants is AFFIRMED. The defendants' requests for attorneys' fees are DENIED.
 
 
 
 [1]
 ERISA defines "fiduciary" as:
 Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan....
 29 U.S.C. § 1002(21)(A).
 
 
 [2]
 Section 406(a)(1) prohibits the following transactions between a plan and a "party in interest":
 (A) sale or exchange, or leasing, of any property between the plan and a party in interest;
 (B) lending of money or other extension of credit between the plan and a party in interest;
 (C) furnishing of goods, services, or facilities between the plan and a party in interest;
 (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or
 (E) acquisition, on behalf of the plan, of any employer security or employer real property in violation of section 407(a) [29 U.S.C. § 1107(a) ].
 29 U.S.C. § 1106(a)(1).
 
 
 [3]
 See, e.g., American Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc'y, 841 F.2d 658, 664-65 (5th Cir.1988) (no fiduciary duty for insurance company unless it has discretion to grant or deny benefits, adjudicate benefit claims, invest fund assets, or administer the Fund); Peoria Union Stock Yards Co. Retirement Plan v. Penn Mut. Life Ins. Co., 698 F.2d 320, 327 (7th Cir.1983) (insurance company a fiduciary because it managed assets of pension plan with full investment discretion); Austin v. General Am. Life Ins. Co., 498 F.Supp. 844, 846 (N.D.Ala.1980) (insurance company not a fiduciary under ERISA by reason of providing contract benefits or deciding whether to pay claims submitted by insureds); Cate v. Blue Cross & Blue Shield, 434 F.Supp. 1187, 1190 (E.D.Tenn.1977) (insurer not in the position of administrator of plan with fiduciary duties simply by virtue of managing insurance policy)