Robert C. AUSTIN, Plaintiff,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY, a corporation; and N. Lamar Phillips; X, Y, & Z, the persons, partnerships, corporations, or other such entity who are at this time unknown, etc., Defendants.

No. CV 80–P–1076–S.

United States District Court,
N. D. Alabama, S. D.

Oct. 8, 1980.

R. Dale Wallace, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for plaintiff.

L. Vastine Stabler, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendants.

## MEMORANDUM OF OPINION

POINTER, District Judge.

This action is before the court in response to an order to show cause why remand is not proper in this case. The plaintiff brought an action in the Circuit Court of Jefferson County, Alabama, alleging breach of a contract of insurance by the insurer, General American Life Insurance Company (General American). Essentially, the plaintiff claims that General American is liable for certain medical expenses incurred by plaintiff's son and that the liability attaches by reason of the fact that General American is the insurer under a group insurance program provided through plaintiff's employer.

The plaintiff also joined as a defendant Mr. Phillips who was, at the time the claim arose, acting as an agent of General American and with whom plaintiff had communicated regarding his claim. The basis for joining Phillips is plaintiff's claim, in Count II of the Complaint, that Mr. Phillips, acting in his capacity as General American's agent, had assured the plaintiff that the medical expenses would be covered under the insurance policy, concluding that the defendants should thereby be estopped from denying the claim because of such assurances. The plaintiff further avers, in Count III of his complaint that Phillip's representations were fraudulent or reckless and that the plaintiff relied to his detriment on the assurances.

The defendants removed the case to this court asserting jurisdiction under 29 U.S.C. § 1132 and 28 U.S.C. § 1331. The defendants base their assertion of § 1132 jurisdiction on the proposition that the policy of insurance in question is governed by the requirements of the Employee Retirement Income Security Act of 1974 (ERISA) and that § 1132(e) and (f) of Title 29 gives the District Courts concurrent jurisdiction with the state courts when a beneficiary or participant in an ERISA plan sues to recover benefits allegedly due under the plan. The defendants properly reason that if the District Court has original jurisdiction of the action then removal would be proper under 28 U.S.C. § 1441. However, the burden placed on the defendant to demonstrate the existence of original jurisdiction, and therefore removal jurisdiction, turns upon establishing that the claims of the plaintiff are properly justiciable under ERISA. The court, as will be explained, is not persuaded that this burden has been met.

 It should be noted that, unless "ERISA jurisdiction" is established, there is no other basis for federal jurisdiction in this case. First, the averment in the petition for removal that jurisdiction exists under 28 U.S.C. § 1331 is nothing more than a conclusion that, where "ERISA jurisdiction" exists under 29 U.S.C. § 1132, federal question jurisdiction exists under § 1331. Without jurisdiction over the claim under § 1132 no federal question jurisdiction under § 1331 exists. Second, although General American and the plaintiff have diverse citizenship, Mr. Phillips, the agent of General Ameri-

can, is like plaintiff an Alabama resident; therefore, complete diversity jurisdiction does not exist under 28 U.S.C. § 1332.

■ It is also important to note that, aside from the question of whether federal jurisdiction exists to consider claims of breach of contract provided under an ERISA plan, Count II and Count III, being for estoppel and misrepresentations, are not actions to enforce or establish rights provided by an ERISA plan. Therefore no basis for jurisdiction would exist as to these counts unless claims against such an insurer are necessarily subject to "ERISA jurisdiction." Moreover, Count I cannot be removed independently of the claims under Counts II and III. See *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■ General American claims in its brief, without evidence, that it is to be considered as a fiduciary of the plan within the meaning of 29 C.F.R. § 2560.5021(g)(2). Accordingly, complaints against it would be claims for breach of fiduciary duties subject to federal court jurisdiction for not only Count I, but Counts II and III as well. The cited regulation states in substance that, where benefits under an ERISA plan are provided or administered by an insurance company, the plan may specify that such company be responsible for review of decisions on denied benefit claims, in which event the insurer will be treated as an ERISA fiduciary. The language of the regulation demonstrates that the insurance company is not necessarily a fiduciary by reason of providing contractual benefits, but rather is to be so considered if it, in addition, is given responsibility for reviewing *denied* claims. Not every insurer is a fiduciary for the purposes of ERISA; nor is it the case that merely by deciding whether to pay claims submitted by insureds the insurer is thereby subjected to the responsibilities of a fiduciary. The regulation relied on by General American makes it clear that the status of an insurer as a fiduciary is not automatic but rather turns upon the provisions of the plan and of the agreement made by the insurer.

The defendants present no evidence to the effect that General American is charged with review of denied claims or is otherwise accountable as a fiduciary under ERISA. As Counts II and III are not subject to federal court jurisdiction, and cannot be separated under *Finn* from Count I, it follows that the case is due to be remanded.

■ The court nevertheless takes this occasion to join in the conclusion reached by the District Court for the Eastern District of Tennessee in *Cate v. Blue Cross and Blue Shield of Alabama*, 434 F.Supp. 1187 (E.D. Tenn.1977). In that case the court considered a set of circumstances very similar to Count I in the case *sub judice*. After reviewing the policy and structure of ERISA and the focus of Congress' actions the court concluded that, even though the language of § 1132 appears to allow suits for benefits against mere insurers under ERISA plans, the Act should not be so construed. The court noted that the policy of insurance is not itself an ERISA plan. *Id.* at 1190. In the words of the court, "If this action is to proceed in federal court, Congress' grant of jurisdiction, unrestricted by citizenship or amount in controversy requirements, must be construed in a way to make every dissatisfied claimant under an employer's group health insurance plan a potential litigant in federal court." *Ibid.* The court concluded that, where the defendant insurer's only relationship to an ERISA plan is to provide contractual benefits, jurisdiction under § 1132 does not exist. This court agrees and concludes that, since defendants have not been shown to be administrators or fiduciaries for the purposes of ERISA, they could not have been originally sued in federal court as mere insurers under 29 U.S.C. § 1132 even on Count I alone.