SANDRA K. FOX, APPELLANT, V. METROMAIL OF DELAWARE, INC., A DELAWARE CORPORATION, AND R.R. DONNELLEY & SONS COMPANY, APPELLEES.

544 N.W.2d 833

Filed March 15, 1996. No. S-94-379.

Darrell K. Stock, of Snyder & Stock, for appellant.

Richard L. Spangler, Jr., of Woods & Aitken Law Firm, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Sandra K. Fox, plaintiff-appellant, and her then fiance, Bret E. Fox, allegedly executed change of beneficiary forms at their place of employment, Metromail of Delaware, Inc., naming each other as beneficiary on certain life insurance policies. After their marriage, Bret Fox died and appellant discovered that her spouse's life insurance was still payable to his father. This action was brought in Lancaster County District Court by appellant, claiming that Metromail breached its fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (1994) (specifically,

§ 1132(a)(1)(B)), by not properly processing the change of beneficiary forms. The insurance was paid into her husband's estate. Appellant paid a portion of the benefits to her father–in–law in return for his disclaiming any interest in the benefits. Appellant claims Metromail's breach of duty under ERISA resulted in her not receiving all of the benefits due her as a result of her husband's death. A demurrer was sustained in the district court on appellant's seventh amended petition. The court dismissed, finding that it did not have subject matter jurisdiction of the action under ERISA. We affirm.

## BACKGROUND
Appellant stated in her seventh amended petition:
### FIRST CAUSE OF ACTION:
Comes now the plaintiff, Sandra K. Fox, and for her first cause of action against the defendant, alleges as follows:

1. That plaintiff is a resident of Lincoln, Lancaster County, Nebraska; the defendants are Delaware Corporations authorized to do business in the State of Nebraska.

2. That all times pertinent hereto the plaintiff and her late . . . husband, Bret E. Fox, were employees of the defendant Metromail and entitled to, and qualified for, all benefits available to other employees in similar employment positions with the defendant. That in the month of January 1991 the defendant offered to its employees a new health and life benefit program which operated under the name "Choices".

3. That the defendant MetroMail [sic], as a benefit for its employees, undertook to act as agent for the employees in the handling and processing of insurance benefits with the insurer of the employees, John Hancock Insurance Company; that the defendant MetroMail [sic] undertook to handle, on behalf [of] the employees, all changes in the employees['] insurance program which were available to the employees and could be made by said employees.

4. That at all times pertinent hereto "Choices" was a duly organized and existing welfare benefit plan as defined

by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

5. That the Defendant R.R. Donnelley [&] Sons Company is Plan Administrator for "Choices" and that the defendant MetroMail [sic] of Delaware, Inc. is a solely owned subsidiary of R.R. Donnelley [&] Sons Company and at all times pertinent hereto acting as an agent, and on behalf of, the R.R. Donnelley [&] Sons Company as Plan Administrator.

6. That R.R. Donnelley & Sons Company is a fiduciary as defined by the Employment [sic] Retirement Income Security Act of 1974, 19 [sic] U.S.C.§ 1001 et seq. for the following reasons:

A) That R.R. Donnelley & Sons Company designated itself as the Plan Administrator which, pursuant to 29 U.S.C[.] § 1002 (14)(A), defines any administrator as a fiduciary, and/or;

B) R.R. Donnelley & Sons Company, through the defendant Metromail of Delaware, Inc. exercised discretionary authority or discretionary control respecting the management of the "Choices" plan, particularly by reason of its employees receiving, handling and processing all paper work regarding changes of benefits and beneficiaries with the employees of Metromail of Delaware, Inc.

7. That the plaintiff has exhausted her administrative remedies for the following reasons:

A. The defendants['] representatives were made aware of the facts set forth in this petition and refused to take any action;

B. The relevant portions of the "Choices" handbook . . . allow the plaintiff to pursue her remedies in Court without proceeding administratively;

C. That any further administrative proceedings would be futile.

8. That in . . . November 1990, the plaintiff, then known as Sandra K. Nuss, and her then fiance, Bret E. Fox, as employees of the defendant Metromail of Delaware, Inc. presented themselves at the Human

Resources Department for Metromail of Delaware, Inc. and properly and completely filled out new beneficiary cards in relation to the benefits to be paid under the "Choices" Insurance Program and named each other the beneficiary of those benefits; said completed beneficiary cards were delivered to employees of Metromail of Delaware, Inc. who were assigned to the Human Resources Department;

9. That in March of 1991, at the request of the Human Resources Department of Metromail of Delaware, Inc., Sandra K. Nuss and Bret E. Fox again presented themselves at the Human Resources Department and again fully and properly completed new beneficiary cards designating each other as the beneficiary of those benefits to be paid under the "Choices" insurance program, which included the life insurance benefits; that said completed beneficiary cards were delivered and presented to the employees of Metromail of Delaware, Inc. at the Human Resources Department;

10. That Sandra K. Nuss and Bret E. Fox were informed that the employees of the Human Resources Department would take the necessary steps to process such beneficiary cards in a manner which would result in the change of the named beneficiary of their respective benefit programs.

11. That on October 20, 1991, Bret E. Fox died, leaving the plaintiff as his widow.

12. That subsequent to October 20, 1991, the defendant informed the plaintiff that the only beneficiary documentation on file with the company was a beneficiary card, dated prior to 1990, naming Bret E. Fox's father, William E. Fox, as the beneficiary of the life insurance benefits provided by John Hancock Insurance Company, the insurer for the Choices program.

13. That there was payable under the applicable life insurance benefit to their employee Bret E. Fox, a life insurance benefit of Seventy-four Thousand Dollars ($74,000.00).

14. That William E. Fox disclaimed his interest in the aforementioned life insurance benefits but, in consideration of said disclaimer, the plaintiff was required to agree to pay a total of Twenty-four Thousand and No/100 ($24,000.00) of said benefits to William E. Fox and two other members of Bret E. Fox's family . . . ; that plaintiff received the remaining life insurance proceeds.

15. That the defendants breached, through the actions of [their] employees, their fiduciary duty of care pursuant to the Employment [sic] [Retirement] Income Security Act of 1974, 19 [sic] U.S.C[.] § 1001 et seq. to process the insurance benefit program of the employee Bret E. Fox in losing or failing to properly process the beneficiary cards completed by Bret E. Fox in November 1990 and March 1991.

16. As a result of the breach of the defendants, the plaintiff has lost benefits due her, by reason of the beneficiary card completed on two occasions by Bret E. Fox, in the sum of Twenty-four Thousand Dollars and No/100 ($24,000.00); that this action is brought pursuant to § 502 (a) (1) (B) of the Employment [sic] Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (a) (1) (B) which allows a beneficiary to recover benefits due to them under the terms of a benefit plan.

## SECOND CAUSE OF ACTION:

Comes now the plaintiff, Sandra K. Fox, and for her second cause of action against the defendant, alleges as follows:

1. That plaintiff hereby incorporates Paragraphs 1 through 10 of plaintiff's First Cause of Action.

2. That on October 5, 1991, the plaintiff and Bret E. Fox were married; that on October 16, 1991, the plaintiff went to the Human Resources Department for the defendant and completed the paperwork necessary to show a life change, that is, her marriage to Bret E. Fox as provided by the terms of the "Choices" program; that said paper work was completed, executed and delivered as directed by the employees at the Human Resources Department for the defendant Metromail of Delaware,

Inc.; that at the time . . . the plaintiff requested said paper work, she was not advised in any manner whatsoever by said employees of the Human Resources Department as to the options available for her as to the nature and extent of life insurance coverage provided by the "Choices" Program at the time when a life change paper work was submitted.

3. That the defendants breached, through the actions of [their] employees, their fiduciary duty of care pursuant to the Employment [sic] Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. by failing to inform the plaintiff of the benefits available to her at the time of completing the paper work for a life change.

4. That as a direct and proximate result of the breach of the defendants and resulting loss of benefits, the plaintiff has lost benefits in the sum of Twenty Thousand Dollars and No/100 ($20,000.00); Twenty-four Thousand Dollars and No/100 ($24,000.00); that this action is brought pursuant to § 502 (a) (1) (B) of the Employment [sic] Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (a) (1) (B) which allows a beneficiary to recover benefits due to them under the terms of a benefit plan.

WHEREFORE, plaintiff prays for judgment against the defendant of her first cause of action in the sum of Twenty-Four Thousand Dollars ($24,000.00); and on her second cause of action in the sum of Twenty Thousand Dollars ($20,000.00); and attorney fees as provided by the Employment [sic] Retirement Income Security Act, plus court costs.

Metromail and Donnelley demurred. The court sustained the demurrer and dismissed the action.

## ASSIGNMENTS OF ERROR

Appellant assigns as error:

1. The District Court erred in finding that jurisdiction of this matter is vested exclusively in the United States District Court.

2. The District Court erred in finding that plaintiff had not stated a cause of action under 29 U.S.C. § 1132(A)(1)(B).

3. The District Court erred in not allowing plaintiff to further amend her petition.

## STANDARD OF REVIEW

In an appellate court's review of a ruling on a general demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995); *Carlson v. Metz*, 248 Neb. 139, 532 N.W.2d 631 (1995); *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995).

In reviewing a ruling on a general demurrer, an appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Proctor, supra*; *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994).

If from the facts stated in the petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie. *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993).

An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Gallion v. Woytassek*, 244 Neb. 15, 504 N.W.2d 76 (1993).

The sustaining of a general demurrer, not followed by a judgment of dismissal terminating the litigation, does not constitute a reviewable final order. *Barks, supra.*

## ANALYSIS

To the extent relevant to this review, ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). ERISA has therefore preempted state law with respect to actions brought to clarify rights to benefits or to enforce rights arising under a plan coming within the purview of ERISA. *Anderson v. HMO Nebraska, Inc.*, 244 Neb. 237, 505 N.W.2d 700 (1993).

Section 1132(e)(1) of ERISA states in relevant part:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have

exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) . . . .

Section 1132(a)(1)(B), cited above in the jurisdiction section, states:

(a) Persons empowered to bring a civil action
A civil action may be brought—
(1) by a participant or beneficiary—
. . .
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

This court has previously held that a participant in, or beneficiary of, an ERISA–regulated plan may seek to enforce her or his benefits and rights thereunder by instituting a civil action in either the state or federal courts. § 1132(a)(1)(B) and (e)(1). See *Anderson, supra.*

We have also stated that " '[c]oncurrent jurisdiction is vested in the state courts *only* with respect to a civil action commenced by a participant or beneficiary seeking to recover or clarify rights to benefits "under the terms of the plan," or to enforce rights "under the terms of the plan." ' " (Emphasis in original.) *Anderson,* 244 Neb. at 241–42, 505 N.W.2d at 705 (quoting *Duffy v. Brannen,* 148 Vt. 75, 529 A.2d 643 (1987)).

The present facts do not present a case of concurrent jurisdiction. In this case, after appellant's father–in–law, the named beneficiary, disclaimed his interest in the life insurance benefits, the benefits were paid to the estate of appellant's deceased husband. Appellant argues that a portion of the proceeds was eventually paid to the wrong party in settlement. The fact remains, however, that the plan did pay the benefits. Appellant accepted those benefits. Therefore, § 1132(a)(1)(B), providing for concurrent jurisdiction for the recovery of benefits or to enforce rights, does not apply. In such actions, state

courts have no concurrent jurisdiction. The federal courts have exclusive jurisdiction.

The district court appropriately sustained the demurrer.

When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Vanice v. Oehm*, 247 Neb. 298, 526 N.W.2d 648 (1995); *Pendleton v. Pendleton*, 247 Neb. 66, 525 N.W.2d 22 (1994); *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994).

It is clear in this case that no reasonable possibility exists that an eighth amended petition would correct the lack of subject matter jurisdiction. The court allowed appellant to amend her petition seven times. The district court noted that appellant, in her seventh amended petition, cited the correct jurisdiction section of ERISA under which she alleged damages, but she did not assert any facts which conformed to the jurisdiction requirement of that section. We have held that such action cannot cure lack of subject matter jurisdiction. Specifically, we have held that parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994); *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994); *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994).

The district court stated in its March 22, 1994, order that "the 'facts' alleged in the petition do not set forth causes of action under [29 U.S.C. § 1132] (a)(1)(B). Therefore, jurisdiction of these claims is vested exclusively in the United States District Court. Since this court does not have jurisdiction over the claims, the action must be dismissed."

For the foregoing reasons, we affirm the district court's decision that it lacked ERISA subject matter jurisdiction.

## CONCLUSION

Finding no merit in any of appellant's assignments of error, we affirm.

AFFIRMED.