PILOT INVESTMENT GROUP LTD., A NEBRASKA LIMITED PARTNERSHIP, AND MARK M. RHODES, AS GENERAL PARTNER OF PILOT INVESTMENT GROUP LTD., APPELLANTS, V. DANNY HOFARTH ET AL., APPELLEES.

550 N.W.2d 27

Filed July 5, 1996.　No. S-94-281.

Steven J. Lefler, of Lefler & Franklin, for appellants.

James S. Jansen, Douglas County Attorney, and John E. Huber for appellee Douglas County.

William T. Ginsburg, of Suber & Ginsburg, for appellee Land Reutilization Commission of Douglas County.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

## INTRODUCTION

This is an appeal from an order of the district court sustaining demurrers of Douglas County and the Land Reutilization Commission, defendants in the underlying action to quiet title or, alternatively, for unjust enrichment brought by Pilot Investment Group Ltd. and its general partner, Mark M. Rhodes (both hereinafter referred to as Pilot). Both Douglas County and the Land Reutilization Commission demurred on the grounds that there was a defect of the parties defendant, that the two causes of action were improperly joined, and that the petition failed to state a cause of action against the moving defendant. The district court sustained the demurrers and dismissed the petition without granting Pilot an opportunity to amend its petition. This appeal followed. We reverse, and remand for further proceedings.

## FACTUAL BACKGROUND

This case arises out of a tax sale of real property owned by Pilot and located at 1006 South 30th Avenue, Omaha, Nebraska. The property in question was sold at a sheriff's sale to the Land Reutilization Commission and then resold to defendant Danny Hofarth. Pilot did not object at the time of sale or at the confirmation hearing; however, Pilot asserts lack of notice of both the sale and the confirmation hearing.

In pertinent part, Pilot alleged the following in its petition:

1. . . . Pilot . . . is a Nebraska Limited Partnership.

2. . . . . Mark M. Rhodes ("Rhodes") is a resident of the state of New Mexico, the sole general partner of Pilot, and an attorney licensed to practice in the states of Nebraska and New Mexico.

. . . .

5. The property which is the subject of this complaint ("the Omaha 4-Plex") is commonly known as 1006 South 30th Ave[.], Omaha, Nebraska . . . .

6. Pilot acquired the Omaha 4-Plex on October 22, 1982 for the purchase price of $36,000.00, and has been in actual possession ever since, until . . . Hofarth improperly took possession.

7. Pilot recorded its Limited Partnership Agreement in the Office of the County Clerk of Douglas County, Nebraska and listed its principle [sic] place of business as 5072 South 135th Street, Omaha, Nebraska . . . .

8. At all material times . . . Pilot utilized the services of Richter Real Estate to manage the Omaha 4-Plex, and Richter Real Estate had its offices at 5072 South 135th Street, Omaha, Nebraska . . . .

9. At all material times . . . Rhodes was an active member of the Nebraska bar, and Rhodes' mailing address was published by the Nebraska bar as a New Mexico address and could be readily ascertained upon diligent inquiry.

10. Between May 1989 and [December 1993], two petitions were brought in the Douglas County District Court to collect taxes purportedly owed on the Omaha 4-Plex. Both petitions named as defendants, among other persons, Pilot [and] Rhodes . . . .

. . . .

12. The first petition brought by the County, styled County of Douglas v. KO Limited Partnership . . . was, upon information and belief, filed sometime before February 8, 1990 . . . (said action hereafter referred to as "the First Proceeding").

13. On February 8, 1990, Rhodes caused an Answer to the County's petition in the First Proceeding to be mailed to the County's counsel of record.

14. Said Answer was signed by Rhodes above the address and telephone number of his law firm, Rhodes & Salmon, P.C., to wit: "1014 Lomas Blvd., N.W., Albuquerque, NM 87102, (505) 247-0328".

15. On February 12, 1990, said Answer was filed in the Douglas County District Court, along with a Certificate of Mailing certifying that a copy of said Answer had been mailed to the County's counsel of record, Ronald L. Staskiewicz, Douglas County Attorney. . . .

16. On September 1, 1989, Rhodes paid the County the taxes which the County alleged were due on the Property in the First Proceeding for the year 1986, using a check giving Pilot's mailing address in New Mexico: P.O. Box 23175, Albuquerque, New Mexico 87192 . . . .

17. Thus since February 1990, Douglas County . . . had actual notice of three (3) mailing addresses where Pilot and Rhodes would receive actual notice of any proceedings . . . .

18. On August 20, 1990, the County caused a second petition to be filed in Douglas County District Court, styled County of Douglas v. Ida B. Lewis, et al. . . . (said action hereafter referred to as "the Second Proceeding") requesting payment of 1988 taxes.

19. On September 14, 1990, a "Return of Service" was filed in the Second Proceeding indicating that Pilot could not be found at the Omaha 4-Plex.

20. On October 22, 1990, Pilot paid the 1987 taxes with a check from Rhodes, showing a New Mexico address.

21. On November 20, 1990, the County, by and through [the] Deputy County Attorney, filed in the Second Proceeding an "Affidavit of Mailing of Notice of First Publication", wherein [the deputy county attorney] stated that he had mailed a copy of a notice published in the Daily Record to Pilot [at] the address of the Omaha 4-Plex, and further stated, under oath:

"that after diligent investigation and inquiry [he] has been unable to ascertain and does not know the post

office address of any other party appearing to have a direct legal interest in the above entitled action or proceeding other than those to whom notice has been mailed in writing."

22. [The] Deputy County Attorney . . . thus swore that he had made "diligent investigation and inquiry"; notwithstanding the fact that the County had actual notice of where Pilot might reasonably be expected to receive actual notice by mail, to wit:

a. Pilot's Omaha Address, which was public record, and also the address for the property manager for the Omaha 4-Plex;

b. Rhodes' pleadings and appearance in the First Proceeding, filed approximately six (6) months before the Second Proceeding was initiated;

c. Rhodes' tender of 1987 taxes on a check from a New Mexico address, and accepted by Douglas County less than a month before [the] Deputy County Attorney . . . swore Rhodes and Pilot could not be found.

23. On May 15, 1991, [the] Deputy County Attorney . . . filed a similar affidavit, this time an "Affidavit of Notice of Sheriff Sale", where he again swore that [he] had made "diligent investigation and inquiry".

24. A sheriff's sale was subsequently held . . . on June 10, 1991, where [the Land Reutilization Commission] purportedly purchased the property.

25. On August 9, 1993, [the] Deputy County Attorney . . . filed a "Motion to Confirm" the sheriff's sale.

26. On August 9, 1993, [the] Deputy County Attorney . . . claims to have mailed a notice of hearing regarding the "Motion to Confirm" to . . . Pilot, and "John and Jane Doe" at the Omaha 4-Plex.

27. On or about August 19, 1993, [the Land Reutilization Commission] purportedly sold the Omaha 4-Plex to . . . Hofarth for $15,000.00, and claimed a fifty percent (50%) commission on the sale.

28. Upon information and belief, the fair market value of the Omaha 4-Plex exceeds $15,000.00.

29. In August, 1993 . . . Hofarth notified Rhodes that he purportedly owned the Omaha 4-Plex and, over Pilot and Rhodes' protest, wrongfully assumed possession of the Omaha 4-Plex.

## COUNT I
## TO QUIET TITLE

30. Plaintiffs incorporate the above stated allegations . . . inclusive, as if fully stated herein.

31. The foreclosure proceedings were void for lack of notice.

32. Title to the Omaha 4-Plex should be quieted in Pilot . . . conditioned solely upon Pilot's redemption of the property by payment of taxes lawfully assessed and due upon the property.

. . . .

## COUNT II
## (IN THE ALTERNATIVE)
## UNJUST ENRICHMENT

33. Plaintiffs incorporate the above stated allegations . . . inclusive, as if fully stated herein.

34. [The Land Reutilization Commission's] purchase of the Omaha 4-Plex and subsequent sale to Hofarth are void.

35. Hofarth has been unjustly enriched, and [Pilot has] been damaged, in an amount equal to the fair value of the Omaha 4-Plex, less taxes due, on the date . . . Hofarth purportedly purchased the property, plus any rents wrongfully collected by Hofarth.

Both Douglas County and the Land Reutilization Commission demurred to the petition alleging a defect in parties defendant, improper joinder of causes of action, and failure to state a cause of action. After hearing arguments of counsel and taking the matter under advisement, the district court entered an order sustaining the demurrers, without specifying on which grounds the demurrers were sustained, and dismissing the petition.

## ASSIGNMENT OF ERROR

Pilot asserts that the district court erred in sustaining the demurrers of the defendants and dismissing the petition.

## SCOPE OF REVIEW

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996); *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995). In determining whether a cause of action has been stated, the petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Carlson v. Metz*, 248 Neb. 139, 532 N.W.2d 631 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994). Furthermore, when a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995).

## ANALYSIS

As set forth above, the defendants demurred to Pilot's petition on three grounds. We have stated on numerous occasions that a trial court should specify the grounds for sustaining a demurrer when several grounds for the demurrer are asserted. *LaPan v. Myers*, 241 Neb. 790, 491 N.W.2d 46 (1992); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990); *Meyerson v. Coopers & Lybrand*, 233 Neb. 758, 448 N.W.2d 129 (1989). Such a requirement is primarily for the benefit of the reviewing court. However, failure to specify the grounds for sustaining a demurrer does not affect the legal position of the parties in the case. *LaPan v. Myers, supra*. An order sustaining a demurrer should be affirmed if any one of the grounds on which it was

asserted is well taken. *Fox v. Metromail of Delaware, supra*; *Gallion v. Woytassek*, 244 Neb. 15, 504 N.W.2d 76 (1993). Therefore, we must examine whether any one of the grounds for the demurrers is well taken and, further, whether any reasonable possibility exists that an amendment will correct the defects.

We conclude that even if there existed a defect of parties defendant in the petition of Pilot, as to Hofarth, Douglas County, and the Land Reutilization Commission, such defect would be curable by amendment of the petition. Similarly, a demurrer on the grounds of misjoinder of causes of action is also curable by filing two petitions and separately docketing each of the petitions in the district court. Neb. Rev. Stat. § 25-809 (Reissue 1995). Therefore, neither the ground of defect of the parties defendant nor that of misjoinder of causes of action stated in the demurrers supports the action of the district court in dismissing the petition. The only ground on which a dismissal would be proper in this case is if the petition failed to state a cause of action and this defect was not curable by amendment. Thus, we turn to a determination of those two specific issues.

Pilot alleges in both the quiet title and unjust enrichment causes of action that the tax sale to the Land Reutilization Commission and the subsequent transfer to Hofarth are void due to lack of proper notice to Pilot regarding the underlying foreclosure action and subsequent tax sale. The law is well settled that there is no presumption of valid service contained in the statutes governing sheriff's deeds that follow a tax foreclosure sale. *Brown v. Glebe*, 213 Neb. 318, 328 N.W.2d 786 (1983). See, also, Neb. Rev. Stat. §§ 77-1901 through 77-1941 (Reissue 1990).

In its petition, Pilot concedes that constructive notice was provided by publication, but alleges that service by publication was improper because Douglas County had actual notice of where Pilot could be served personally or by mail. We have held that a collateral attack upon an order confirming a sale by way of a quiet title action is allowed where, due to improper service *and lack of actual notice*, a court fails to obtain personal jurisdiction over the party in possession of or

owning the property being sold. *Brown v. Glebe, supra* (stating, in context of quiet title action, that lack of personal jurisdiction over party in possession renders order of sale void and subject to collateral attack). *Sileven v. Tesch*, 212 Neb. 880, 326 N.W.2d 850 (1982) (stating that void judgment is subject to collateral attack). However, Pilot failed to allege that it lacked *actual notice* of the foreclosure action and subsequent tax sale. That being so, Pilot failed to state a cause of action that would entitle it to relief by way of either quiet title or unjust enrichment.

Moreover, equitable remedies are generally not available where a statute provides an adequate remedy at law. *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. 49, 524 N.W.2d 562 (1994); *Southwest Trinity Constr. v. St. Paul Fire & Marine*, 243 Neb. 55, 497 N.W.2d 366 (1993). In its petition in equity, Pilot failed to allege that there was no adequate remedy at law in this case. Neb. Rev. Stat. § 25-525 (Reissue 1995) sets forth a statutory procedure whereby a party against whom a judgment has been rendered without other service than by publication may, at any time within 5 years after the date of the judgment, have the judgment opened, and the party is allowed to defend. " ' " 'An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' " ' " *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. at 55, 524 N.W.2d at 567. Accord *Golden v. Bartholomew*, 140 Neb. 65, 299 N.W. 356 (1941).

Therefore, the district court was correct in sustaining the respective demurrers based on Pilot's failing to state a cause of action in its petition. However, we conclude that there is a reasonable possibility that Pilot could correct the defects in the petition by amendment, and the district court should have granted Pilot the opportunity to amend its pleadings. See *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996). An amended petition could state whether or not Pilot lacked actual notice of the foreclosure action and subsequent tax sale. Furthermore, even though § 25-525 sets forth a statutory procedure to reopen a judgment rendered after service by publication, it is not clear from the allegations in the petition

that such a statutory procedure provides a wholly adequate remedy at law. Thus, Pilot may plead a cause of action seeking relief pursuant to § 25-525, or alternatively, it may seek equitable remedies if § 25-525 does not provide a wholly adequate remedy under the circumstances of this case. In either event, Pilot must be granted a reasonable opportunity to set forth, in an amended petition, sufficient facts and reasons for seeking either equitable relief or a remedy at law.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of dismissal of the district court and remand this cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.